UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAUN GARBULINSKI,

        Plaintiffs,

v.

        Case Number 08-15290-BC
        Honorable Thomas L. Ludington

HILLS AND DALES GENERAL HOSPITAL,
THOMAS BARDWELL, DALE FRITZ, and
CARRIE KRAMER,

        Defendants.
_____ /

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On December 29, 2008, Plaintiff Shaun Garbulinski filed a complaint alleging Defendant Carrie Kramer ("Kramer"), his colleague, harassed Plaintiff after a romantic relationship between them deteriorated. Plaintiff also contends that his supervisors, Defendants Thomas Bardwell ("Bardwell") and Dale Fritz ("Fritz"), ignored his requests for intervening conduct, thus, permitting the harassing behavior to continue. Plaintiff also advances the claims against his former employer, Defendant Hills and Dales General Hospital (the "Hospital"). The complaint advances causes of action for a sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e, *et seq.*, and the Elliott-Larsen Civil Rights Act ("ELCRA"), codified at Mich. Comp. Laws § 37.2101, *et seq*.

On January 22, 2009, Defendants moved to dismiss some claims advanced against the individual defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). First, Bardwell and Fritz argue that the complaint does not advance allegations that either sexually harassed Plaintiff that would sustain a cause of action for hostile work environment under ELCRA against them. Plaintiff disputes this contention, asserting that ELCRA imposes individual liability on supervisors

that engage in discriminatory behavior. While generally accurate, Plaintiff equates the broad term of "discrimination" with the more specific conduct of harassment and retaliation. As Defendants argue, the complaint does not contain allegations of harassing behavior by either Bardwell or Fritz. Thus, the Court will **DISMISS WITH PREJUDICE** the sexual harassment claim under ELCRA advanced against Bardwell and Fritz.

Second, Kramer, Bardwell, and Fritz contend that Title VII does not provide for individual liability for claims of harassment or retaliation unless the individuals qualify as an "employer." *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Plaintiff agrees and the Title VII claims advanced against the individual defendants will be **DISMISSED WITH PREJUDICE**. Thus, Defendants' motion to dismiss will be **GRANTED** in its entirety.

I

According to the complaint, the Hospital employed Plaintiff as a maintenance technician from June 27, 2006 until June 29, 2007. During this period, Kramer served as the director of administration and the secretary to the Hospital's chief executive officer, Bardwell served as the vice-president of human resources, and Fritz served as the director of facilities.

In early December of 2006, Plaintiff and Kramer initiated a romantic relationship outside of the workplace. On December 14, 2006, Plaintiff informed Kramer that the relationship would not continue, seeking to repair his marital relationship instead. In January of 2007, Plaintiff contends that Kramer began to harass him by, inter alia, requesting he resign, grabbing Plaintiff's genitals, and suggesting the two engage in sexual intercourse on numerous occasions.

On March 9, 2007, Plaintiff provided to the Hospital a letter authored by his attorney, demanding that the Hospital investigate Kramer's conduct and prohibit her harassing behavior.

After meeting with Plaintiff, Bardwell investigated the allegations, which resulted in Bardwell instructing as follows: "[Y]ou stay away from her, she stays away from you." Dkt. # 1 at ¶ 27. Despite the investigation, Plaintiff alleges that Kramer continued the harassment.

Plaintiff also alleges that Fritz, his direct supervisor, was aware of Kramer's behavior, but still directed Plaintiff to come into contact with her at work. The harassment motivated Plaintiff to seek reassignment to another location or resign from employment. Fritz denied the request despite Plaintiff's continued complaints. On June 22, 2007, Plaintiff tendered a letter of resignation and his employment at the hospital ended on June 29, 2007. On that date, Bardwell conducted an exit interview with Plaintiff and allegedly asked "why [Plaintiff] was leaving when out of 250 employees, only 2 made [Plaintiff] feel uncomfortable." *Id.* at ¶ 42. The complaint does not allege that Bardwell or Fritz directed any sexually inappropriate statements or conduct towards Plaintiff.

II

Motions to dismiss are governed by Rule 12(b) and direct the dismissal of claims that do not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). *See also Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review), *cert. denied*, 484 U.S. 945 (1987).

### III

Under ELCRA, an employer may be liable for a hostile work environment if a plaintiff establishes that he was subject to unwelcome sexual conduct or communication on the basis of his sex that was intended or, in fact, substantially interfered with his employment and respondeat superior liability of the employer. *Chambers v. Trettco, Inc.*, 614 N.W.2d 910, 915 (Mich. 2000) (citation omitted). ELCRA also imposes individual liability on an employer's agent for the agent's sexually harassing behavior. *Elezovic v. Bennett*, 697 N.W.2d 851, 857-58 (Mich. 2005). However, ELCRA only imposes this individual liability on "an agent who sexually harasses an employee in the workplace." *Id.* at 861; *see also Elezovic v. Bennett*, 731 N.W.2d 452, 457 (Mich. Ct. App. 2007) (acknowledging the "individual liability of the alleged sexual harasser").

Here, Bardwell and Fritz may be liable if they engaged in sexually harassing behavior. Thus, Plaintiff must advance allegations that a reasonable person "would have perceived the conduct at issue as substantially interfering with the plaintiff's employment or having the purpose or effect of creating an intimidating, hostile, or offensive employment environment." *Elezovic*, 731 N.W.2d at 461 (citation omitted). According to the complaint, Bardwell's harassing conduct was ineffectively investigating Kramer's alleged conduct. With respect to Fritz, Plaintiff alleges that he caused

Plaintiff to come into contact with Kramer while at work. Neither of these allegations rise to the level of creating an objectively hostile work environment. *See Quinto v. Cross and Peters Co.*, 547 N.W.2d 314, 320 n.9 (Mich. 1996) (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)) (evaluating "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" to determine if it is sufficient to establish an objectively hostile work environment). The complaint does not suggest that Bardwell or Fritz directed any sexually inappropriate conduct towards Plaintiff.

IV

Accordingly, Defendant's motion to dismiss [Dkt. # 8] is **GRANTED**. Plaintiff's harassment and retaliation claims under Title VII advanced against Defendants Kramer, Bardwell, and Fritz are **DISMISSED WITH PREJUDICE**. Plaintiff's harassment claim under ELCRA advanced against Defendants Bardwell and Fritz is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---