UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAUN GARBULINSKI,

        Plaintiffs,

                              Case Number 08-15290-BC
v.                                  Honorable Thomas L. Ludington

HILLS AND DALES GENERAL HOSPITAL,
THOMAS BARDWELL, DALE FRITZ, and
CARRIE KRAMER,

        Defendants.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Shaun Garbulinski filed a complaint on December 28, 2009, alleging that he was harassed by Defendant Carrie Kramer while they both were employed at Defendant Hills and Dales General Hospital in Cass City, Michigan. Plaintiff also contended that his supervisors, Defendants Thomas Bardwell and Dale Fritz, ignored his requests for intervention, which permitted the harassing behavior to continue. The complaint advanced causes of action for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e, et seq., and the Elliott-Larsen Civil Rights Act ("ELCRA"), codified at Mich. Comp. Laws § 37.2101, et seq.

On March 24, 2009 this Court dismissed the ELCRA sexual harassment claims against Bardwell and Fritz, because the complaint did not allege that they engaged in specific conduct that qualified as "harassment or retaliation" under the statute. Order Granting Def.'s Mot. to Dismiss at 1–2; [Dkt. # 16]. The Court also dismissed the Title VII claims against Kramer, Bardwell, and Fritz, because the statute does not provide for individual liability on harassment or retaliation claims unless the Individual is an "employer." *Id.* Now before the Court is Plaintiff's motion to compel

answers to interrogatories and requests for document production [Dkt. # 33].  The motion will be **DENIED** because the document and interrogatory requests were not timely served.

On October 2, 2009, the Court granted Plaintiff's motion to extend scheduling dates by 45 days and moved the discovery cutoff date from September 30, 2009 to November 16, 2009 [Dkt. # 32].  Three weeks later, on October 22, 2009, Plaintiff served his "third request for production of documents and/or interrogatories" on Defendants.  The October 22 service date meant that there was less than 30 days for Defendants to respond before the November 16 discovery cutoff date.  Pursuant to the federal rules, parties have 30 days to respond to a request for a production of documents.  Fed. R. Civ. P. 34(b)(2)(A).  On December 11, 2009, nearly a month after the extended discovery cutoff date had passed, Plaintiff filed the instant motion to compel answers to his discovery request.

"This Court will not order discovery to take place subsequent to the discovery cutoff date." Case Management and Scheduling Order ¶ II.E.; [Dkt. # 15].  Consequently, a motion to compel discovery filed nearly a month after the discovery cutoff date must be denied, particularly where the request for discovery was not made soon enough to permit Defendants a reasonable opportunity to respond by the cutoff date.  Moreover, according to Defendants [Dkt. # 36], many of the issues raised in the request for documents were previously addressed on their merits by Magistrate Judge Binder in a an earlier discovery order.  [Dkt. # 25 & 26].  Those conclusions will not be revisited.

Accordingly, it is **ORDERED** that Plaintiff's motion to compel [Dkt. # 33] is **DENIED**.

                                                  s/Thomas L. Ludington  
                                                  THOMAS L. LUDINGTON  
                                                  United States District Judge

Dated: February 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 2, 2010.

         s/Tracy A. Jacobs
         TRACY A. JACOBS